### 38127. IN RE ELLERBEE.

PER CURIAM.

This is a review of a recommendation of the Judicial Qualifications Commission. It poses the question of whether under the Code of Judicial Conduct a judge may allow and impliedly encourage a parent to administer a whipping to her child in the presence of the court and others during the course of a judicial proceeding. The Qualifications Commission concluded that such conduct is a violation of the Code of Judicial Conduct and recommended that the judge be reprimanded. We approve this recommendation.

The matter was heard before a Special Master and the evidence dealt primarily with an incident which occurred in the court of O. Wayne Ellerbee involving the whipping of an eight-year-old boy by his mother. There was also testimony that similar instances had previously occurred during judicial proceedings. In each of these instances the children had been found by Judge Ellerbee to be in violation of the law and subject to punishment under the law. Prior to imposing any punishment, Judge Ellerbee had inquired of the parent as to what should be done with the child. According to the testimony of Judge Ellerbee, it was the suggestion of the parent that the whipping be administered. He acknowledged, however, that he supplied to the parent a leather strap to be used by the parent in whipping the child and that the punishment took place in court.

Judge Ellerbee contends that he was simply trying to do that which was in the best interest of the child. His position is that allowing the parent to discipline his child is better than subjecting the

child to incarceration and a criminal record which would follow throughout his life. We sympathize with Judge Ellerbee in this objective, but we cannot condone the intrusion of the court, however subtle it may be, into the area of the administration of corporal punishment by a parent. The law of this state prohibits whipping or any other form of corporal punishment of persons who are confined under the law. Code Ann. § 77-311. Although the court did not require the parents to whip the children, the actions were carried out in court and the strap supplied by the court was utilized. This is sufficient to clothe the whippings with an improper judicial blessing.

*Reprimand ordered. Jordan, C. J., Hill, P. J., Clarke and Gregory, JJ., concur. Marshall, J., concurs in the judgment only. Smith, J., dissents.*

DECIDED SEPTEMBER 29, 1981.

*Robert E. Hall,* for Judicial Qualifications Commission.
*H. Arthur McLane,* for Ellerbee.